UNITED STATES DISTRICT COURT    JUDGE OETKEN
SOUTHERN DISTRICT OF NEW YORK

KASHMIR TOURE-PETERSON,

    Plaintiff,        )   No. **14 CV 7756**

   v.              )

STERN & STERN, P.C., and   )   JURY DEMANDED
KENNETH D. STERN,       )

    Defendants.    )

SEP 24 2014
U.S.D.C. S.D.N.Y.

## COMPLAINT

Plaintiff Kashmir Toure-Peterson files this Complaint against Defendants,
Stern & Stern, P.C., and Kenneth D. Stern for their violations of the Fair Debt
Collection Practices Act.

### Introduction

1.    This action seeks redress for the Defendants' deceptive practices
concerning the collection of debts, committed in violation of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Parties

2.    Toure-Peterson is a citizen of the State of New York who resides within
this district.

3.    Toure-Peterson is a "consumer," as that term is defined by § 1692(a)(3)
of the FDCPA, in that the alleged debt that Defendants sought to collect from him is
a consumer debt.

4.     The debt Defendants attempted to collect from Toure-Peterson was purportedly owed to "MUNICIPAL CREDIT UNION" and was purportedly incurred primarily for personal, family or household purposes.

5.     Defendant Stern & Stern, P.C.'s principal place of business is located at 3002 Merrick Road, Bellmore, New York 11710.

6.     Defendant Kenneth D. Stern's principal place of business is located at 3002 Merrick Road, Bellmore, New York 11710.

7.     Upon information and belief, Defendant Kenneth D. Stern is the President, Chairman or Chief Executive Officer of Stern & Stern, P.C.

8.     Kenneth D. Stern is listed as the Chief Executive Officer of Stern & Stern, P.C., on the New York Secretary of State website.

9.     Defendant Stern & Stern, P.C. regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10.     Defendant Kenneth D. Stern regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11.     Defendant Law Offices of Stern & Stern, P.C. is regularly engaged for profit in the collection of debts allegedly owed by consumers.

12.     Defendant Kenneth D. Stern is regularly engaged for profit in the collection of debts allegedly owed by consumers.

13.     Defendant Stern & Stern, P.C. is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

14.   Defendant Kenneth D. Stern is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Jurisdiction and Venue

15.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16.   Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

17.   Venue is also proper in this district since all Defendants can be found, have agents or transact business in this district.

### Factual Allegations

18.   Starting in 2013, Defendants Stern & Stern, P.C. and Kenneth D. Stern attempted to collect an alleged debt from Toure-Peterson.

19.   The debt was allegedly due to "Municipal Credit Union."

20.   Upon information and belief Defendant Stern & Stern, P.C. is not licensed as a debt collection agency by the New York Department of Consumer Affairs.

21.   Upon information and belief Defendant Kenneth D. Stern is not licensed as a debt collection agency by the New York Department of Consumer Affairs.

*The First Letter*

22.     On or about September 25, 2013, Defendants sent Toure-Peterson a form collection letter on their "Law Offices of Stern & Stern, P.C." letterhead, a copy of which is attached as Exhibit A.

23.     In the letter dated September 24, 2013, Defendants attempt to collect from Toure-Peterson the sum of $1,910.

24.     Exhibit A was the first and initial communication Toure-Peterson received from Defendants.

25.     Upon information and belief, no attorney conducted a meaningful attorney review before sending Exhibit A.

26.     In the letter dated September 25, 2013, neither Defendant alleged that they were licensed as debt collection agencies by the New York City Department of Consumer Affairs even though such licensing was required before filing suit.

*Toure-Peterson establishes auto-pay with MCU*

27.     Sometime in 2013, Toure-Peterson established auto-pay from his paycheck of $100 every two weeks.

28.     On September 25, 2013, when Defendants demanded $1,910, Toure-Peterson's monthly account statement with MCU showed $1,910 allegedly due, but each subsequent statement reflected credits of approximately $200 a month.

4

*Defendants' Summons and Complaint*

29.     On or about November 21, 2013, Defendants prepared a summons and complaint on behalf of MCU.  A copy of the summons and complaint is attached as Exhibit B.

30.     On December 4, 2013, Defendants filed the summons and complaint with the Civil Court for the City of New York, County of The Bronx.

31.     In the summons and complaint, neither Defendant alleged that they were licensed as debt collection agencies by the New York City Department of Consumer Affairs even though such licensing was required before filing suit.

32.     In the summons, Defendants alleged that Toure-Peterson owed $1,520, together with interest from October 31, 2013.

33.     In the complaint, Defendants alleged that "There is now due and owing to the plaintiff, from the defendant, the principal sum of $1,520.00 with the addition of interest at 9 percent from date of last payment, October 31, 2013."

34.     In an "Attorney's Affirmation" attached to the Complaint, Kenneth D. Stern affirmed under penalties of perjury, based upon "records, bills and statements of plaintiff in affirmant's possession" that the allegations in the complaint were true and correct.

35.     But the allegations in the complaint were demonstrably false as reflected in the records of Defendants' own client, MCU.

36.     MCU's own records reflect that as of November 1, 2013, Toure-Peterson's alleged balance was $1,520.

37.     But MCU's own records reflect that on November 7, 2013, Toure-Peterson made an automatic payment of $100.

38.     And MCU's own records reflect that on November 20, 2013, Toure-Peterson made another payment of $100.

39.     Thus, MCU's own records reflect that on November 21, 2013, the date Defendants prepared and signed the complaint and the date Defendant Kenneth D. Stern swore to the accuracy of the complaint, MCU's own records reflected that the alleged balance was $1,320 – not $1,520 as alleged – and that payments had been made after October 31, 2013.

40.     And on December 4, 2014, the date Defendants filed the summons and complaint with the NYC Civil Court, MCU's own records reflected that the alleged balance was $1,320 – not $1,520 as alleged – and that payments had been made after October 31, 2013.

41.     Had Defendants taken the minimal steps required of lawyers before filing suit – that is, checking whether payments had been made before preparing and filing a summons and complaint – they would have known that the account was on auto-payment, that the $1,520 demanded in the summons and complaint was wrong, and that the last payments on account were made on or about November 7, 2013 and November 20, 2013, and not on October 31, 2013, as falsely stated in Exhibit B.

42.     Based upon the representations made in Exhibit B, it is clear that no attorney had personally reviewed the particular circumstances of Toure-Peterson's

account (a) before sending <u>Exhibti A</u>, the letter, on or about September 25, 2013; (b) before preparing and affirming, under penalties of perjury, the truth of <u>Exhibit B</u>, the summons and complaint, on or about November 21, 2013; or (c) before filing <u>Exhibit B</u>, the summons and complaint, with the NYC Civil Court on or about December 4, 2013.

43.     As a result of Defendants' actions, Toure-Peterson suffered actual damages in the form of emotional distress, stress, humiliation, and having to take time off from work to go to Court and having to take time to contact MCU to provide proof that Defendants' numbers were wrong.

44.     In other words, Plaintiff had to contact MCU and obtain documents from MCU to show to Defendants.

45.     That is, Plaintiff had to do the meaningful review that Defendants should have done before filing suit.

46.     Upon information and belief, Defendant Kenneth D. Stern was, at all relevant times, directly and personally involved in arranging and authorizing the preparation and transmission <u>Exhibits A and B</u>, without attorney review.

47.     Upon information and belief, Defendant Kenneth D. Stern has, at all relevant times, had actual or constructive knowledge that he and Stern & Stern, P.C., and its employees and agents, were violating the FDCPA but despite this knowledge, he continued to direct Stern & Stern, P.C., and its employees and agents, to engage in further violations of the FDCPA.

48.     At all material times, and in doing the acts and omissions alleged, the

Defendants, and each of them, including Stern & Stern, P.C., and Kenneth D. Stern, acting individually or through their officers, agents, employees, and co-conspirators, each of whom was acting within the purpose and scope of that agency, employment, and conspiracy, authorized and ratified said acts and omissions of each of the other Defendants.

49.    Upon information and belief, Stern & Stern, P.C., is an instrumentality of, and controlled by, Kenneth D. Stern, and its interests and the interests of the Stern & Stern, P.C. have been so unified that their separate personalities no longer exist and if the acts are treated as those of Stern & Stern, P.C. alone, an inequitable result will follow.

<u>COUNT I</u>
*Violations of Fair Debt Collection Practices Act*

*Violations of Sections 1692e, e(2), e(5), e(10), and f of the*
*Fair Debt Collection Practices Act*

50.    Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs as if set forth fully in this Count.

51.    Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52.    <u>Exhibit B</u> violates FDCPA §§ 1692e, e(2), and e(10) by creating a false impression of the character, amount or legal status of the alleged debt.

53.    <u>Exhibit B</u> violates §§ 1692e, e(5), and e(10) by threatening to take actions that Defendants could not take.

8

54.     Exhibit A violates §§ 1692e and e(10) by using false, deceptive, and misleading representations and means in connection with the debt collection.

55.     Exhibit A violates § 1692f by using unfair and unconscionable means to attempt to collect the alleged debt.

56.     Defendants are liable to Toure-Peterson for violating §§ 1692e, e(2), e(5), e(10), and f of the FDCPA.

*Violations of Sections 1692e, e(3,) and e(10) of the Fair Debt Collection Practices Act*

57.     Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs as if set forth fully in this Count.

58.     Section 1692e of the Fair Debt Collection Practices Act provides, in relevant part:

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .*
>
> *         *         *
>
> *(3)     The false representation or implication that any individual is an attorney or that any communication is from an attorney.*
>
> *         *         *
>
> *(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

59.     On information and belief, Defendants send out hundreds of letters a year under "Stern & Stern, P.C." attorney letterhead.

60.     On information and belief, Defendants file hundreds of debt-collection complaints a year under "Stern & Stern, P.C."

61.     On information and belief, Defendants use a mechanized computer-driven process to send these letters and prepare these complaints, and most variable information (such as the name of the creditor, the alleged amount due, and the name of the consumer) is inserted into pre-defined "fields" by a word-processor or other computer-driven document assembly software.

62.     Further, Plaintiff is informed and believes, and on that basis alleges, that the information to be inserted in these fields is sent to consumers *en masse*, as electronically-stored information, *via* modem or other computer-readable format.

63.     The letters are then created directly from this electronically stored information.

64.     On information and belief, no attorney meaningfully reviews or authorizes any particular individual letter before it is sent.

65.     Rather, the only attorney involvement is to review the form of letter sent and to define some general parameters as to the intended recipients.

66.     Defendants violated § 1692e of the FDCPA by sending the computer-generated collection letters, copies of which are attached as <u>Exhibit A</u>, on attorney letterhead to Plaintiff.

67.     Defendants violated § 1692e of the FDCPA by filing and serving a computer-generated summons and complaint, a copy of which are attached as <u>Exhibit B</u>, using attorney names and legal backs, to Plaintiff.

68.     The letters deceptively purport to be "from an attorney" when in fact the letters, which are on "Stern & Stern, P.C." attorney-letterhead, are not from an attorney in any meaningful sense.

69.     No attorney reviews the file or determines the legal validity of the debt before the letters are sent or interacts with the consumer.

70.     The summonses and complaints deceptively purport to be "from an attorney" when in fact summonses and complaints, which are on "Stern & Stern, P.C." forms and legal backs with attorney signatures, are not from an attorney in any meaningful sense.

71.     No attorney reviews the file or determines the legal validity of the debt before the summonses and complaints are filed or served, nor does an attorney interact with the consumer.

72.     "Stern & Stern, P.C." is a collection agency masquerading as a law firm, which uses clerical workers, not attorneys, to collect debts using the power and leverage of a law license.

73.     Defendants are liable to Plaintiff for their violations of §§ 1692e, e(3), and e(10) of the FDCPA.

### Violations of the FDCPA based on Failure to be Licensed as a Debt Collection Agency by the New York City Department of Consumer Affairs

74.     Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

75.     In their collection efforts by letter and by lawsuit, Defendants Stern & Stern, P.C. and Kenneth D. Stern violated the FDCPA, including, *inter alia*, §

1692d, ·e, or ·f, and their subdivisions. *See Williams v. Goldman & Steinberg, Inc.*, No. CV·03·2132(DGT), 2006 WL 2053715 (EDNY, Trager, J. July 21, 2006) ("I conclude that there was a violation of the FDCPA because the defendant did not have a license when it sent the Collection Letter to a New York City resident, as required by regulations of the City of New York.  New York, NY, Admin Code tit. 20, ch. 2, § 20·490; *see Gaetano v. Payeo of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414· 15 (D.Conn. 1990).")  More particularly, Defendants have, among other things, done the following:

76.    Defendants violated FDCPA § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Toure·Peterson in connection with the collection of the alleged debt.

77.    Defendants violated FDCPA § 1692e and ·e(2) by giving a false impression of the character, amount, or legal status of the alleged debt.

78.    Defendants violated FDCPA § 1692e and ·e(5) by taking action that could not legally be taken.

79.    Defendants violated FDCPA § 1692e and ·e(10) by using false, deceptive, and misleading means in connection with attempting to collect the alleged debt.

80.    Defendants violated FDCPA § 1692f and ·f(1) by attempting to collect amounts not permitted by law.

81.    Defendants violated FDCPA § 1692f by using unfair and unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff Kashmir Toure-Peterson respectfully requests that this Court grant the following relief in his favor against Defendants Stern & Stern, P.C. and Kenneth D. Stern:

(A)   Statutory damages as provided by § 1692k of the FDCPA;

(B)   Actual damages as provided by § 1692k of the FDCPA;

(C)   Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D)   Declaratory relief; and

(E)   Any other relief this Court deems appropriate and just.

*Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action

Dated:      New York, New York
            September 24, 2014

                              Respectfully submitted,

                              BROMBERG LAW OFFICE, P.C.

                              By: _____
                                   Brian L. Bromberg
                                   One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff</u>
Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
(212) 248-7906

# Exhibit A

### LAW OFFICES OF
### STERN & STERN, P.C.
**3002 MERRICK ROAD**
**BELLMORE, NEW YORK 11710**

~~~~~~~~~~~~~~~~~~~~~~~~~
*PHONE (516) 771-0710*
*this office does not accept service by fax*
*FACSIMILE (516) 771-0723*

KENNETH D. STERN*
ELAINE S. TAMSEN

*AFFILIATE NEW JERSEY OFFICE*
*LAW OFFICE OF ERIC J. STERN, P.C..*

*OF COUNSEL*
*ERIC J. STERN*
*PETER TAMSEN*
*members of the New York and New Jersey Bar*

**Please respond to the New York Office

**September 25, 2013**

Kashmir Toure-Peterson
1750 Davidson Avenue Apt. 5L
Bronx NY 10453

RE: MUNICIPAL CREDIT UNION
BALANCE: $1,910.00
ACCOUNT #: ██████
S&S FILE #: ██████

Dear Mr. Toure-Peterson:

The above matter has been referred to this office. Stern & Stern, P.C. is a debt collector, and this is a formal demand for payment of the above stated debt. Please contact this office to discuss this matter as our client believes that this debt is justly due and has retained this office to collect.

Stern & Stern, P.C., is exclusively a collection law firm and we certainly understand the problems facing today's consumer. We pride ourselves on our ability to assist you in making arrangements to settle and payout your obligation.

Please contact us so that we can work this out on an amicable basis. Thank You.

FOR YOUR CONVENIENCE THIS OFFICE NOW ACCEPTS VISA AND MASTERCARD.

Very truly yours,

KENNETH D. STERN

-------------------------------------------------------------------------------

*UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE , THIS OFFICE WILL PROVIDE YOU WITH NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

# Exhibit B



*(B)  CONSUMER CREDIT TRANSACTION*
*IMPORTANT!!  YOU ARE BEING SUED!!*
*THIS IS A COURT PAPER -- A SUMMONS*

*DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED).  IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!!  YOU MAY HAVE TO PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY.    THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!*

CIVIL COURT OF THE CITY OF NY
COUNTY OF BRONX
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MUNICIPAL CREDIT UNION

                                        *Plaintiff,*

                    -against-

KASHMIR TOURE-PETERSON

                                        *Defendant.*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Index No.: 17910/13
               12/4/13

S&S File No.: ███████

*S U M M O N S*

*Plaintiff's business address:*
*22 Cortlandt Street 23 Fl,*
*New York, NY*

*The basis of the venue*
*designated is Defendant's residence.*

*To the above named defendant:*

*You are hereby Summoned to appear in the Civil Court of the City of New York, County of BRONX at the office of the Clerk of said Court at 851 Grand Concourse, Bronx, New York 10451 in the County of BRONX, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for $1,520.00, the relief demanded in the complaint, together with interest from October 31, 2013, costs and disbursements of this action.*

*Dated NOV 2 1 2013*

*Defendant's Address:*
*1750 Davidson Avenue Apt. 5L*
*Bronx NY 10453*

*STERN & STERN, P.C.*
*Attorneys for Plaintiff*
*3002 Merrick Road*
*Bellmore, New York 11710*
*(516) 771-0710*

*NOTE: The law provides that:*

*(a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or;*

*(b) If this summons is served by delivery to any person other than you personally or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service is filed with the Clerk of this Court within which to appear and answer.*

**LEGAL NOTICE:  THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*TRANSACCION DE CREDITO DEL
CONSUMIDOR!IMPORTANTE! !UD. HA SIDA DEMANDADO!
ESTE ES UN DOCUMENTO LEGAL -- UNA CITACION!NO LA
BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! LE
PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO).
!SI UD. NO SE PRESENTA EN LA CORTE CON ESTA
CITACION LE PUEDEN CONFISCAR SUS BIENES,
(PROPIEDAD) Y PERJUDICAR SU CREDITO! !TAMBIEN ES
POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS
LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN
ABOGADO TRAIGA ESTOS PAPELES A LA CORTE
INMEDIATAMENTE.  VENGA EN PERSONA Y EL
SECRETARIO DE LA CORTE LE AYUDARA.*

*CIVIL COURT OF THE CITY OF NY
CONDADO DE BRONX*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*MUNICIPAL CREDIT UNION*

*Demandante,*

           *-against-*
*KASHMIR TOURE-PETERSON*

*Demandado.*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*CITACION
No. de epigrafe:*

*S&S File No.:* ▇▇▇▇▇

*Residencia del Demandante Direccion:
22 Cortlandt Street 23 Fl,
New York, NY
La razon de haber designado esta Corte es:*

*Al demandado arriba mencionado:*

*USTED ESTA CITADO a comparecer en la CIVIL COURT OF THE CITY OF NY, Condado de
BRONX a la oficina del Jefe Principal de dicha Corte en 851 Grand Concourse, Bronx, New York
10451 , dentro del tiempo provisto por la ley segun abajo indicado y a presentar su respuesta a la
demanda al Jefe de la Corte; si usted no comparece a contestar, se rendira sentencia contra usted en
la suma de $1,520.00 con interes en dicha cantidad desde October 31, 2013 incluyendo las costa
de esta causa.*

*Fechado* NOV 21 2013

*Defendant's Address:
1750 Davidson Avenue Apt. 5L
Bronx NY 10453*

*STERN & STERN, P.C.
Attorneys for Plaintiff
3002 Merrick Road
Bellmore, New York 11710
(516) 771-0710*

<u>*NOTA: La Ley provee que:*</u>

    *(a) Si esta citacion es entragada a usted personalmente en la Cuidad de New York, usted
debe comparecer y responderia dentro de VEINTE dias despues de la entrega; o*

    *(b) Si esta citacion es entragada por otros medios, que no fueran entraga personal a usted
en la Cuidad de New York, usted debe comparecer y responder la demanda dentro de TREINTA
dias, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.*

CIVIL COURT OF THE CITY OF NY
COUNTY OF BRONX
*********************************************

MUNICIPAL CREDIT UNION

                              Plaintiff,

                -against-

KASHMIR TOURE-PETERSON
                              Defendant.
*********************************************

Index No.:

S&S File No.: NEG00044

**VERIFIED**
**COMPLAINT**

PLAINTIFF, by its attorneys, Stern & Stern, P.C. complaining of the defendant, respectfully alleges on information and belief:

## FOR A FIRST CAUSE OF ACTION

1. That during the time herein stated and hereinafter mentioned, Municipal Credit Union , was and still is, a domestic corporation with offices in the State of New York.

2. That upon information and belief heretofore and at all times hereinafter mentioned, Kashmir Toure-Peterson, was and still is, a resident of the State of New York, located at 1750 Davidson Avenue Apt. 5L, Bronx NY 10453.

3. That the Department of Consumer Affairs does not require the plaintiff to be licensed.

4. That on or about , for value received, defendant executed and delivered to plaintiff a contract whereby the defendant was obligated to make payments and defaulted thereon which forms the basis of the present action.

5. That the **defendant specifically agreed to pay all amounts claimed due herein.**

6. There is now due and owing to the plaintiff, from the defendant, the principal sum of $1,520.00 with the addition of interest at 9 percent from date of last payment, October 31, 2013.

## FOR A SECOND CAUSE OF ACTION
### ACCOUNT STATED

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "6".

8. Plaintiff duly stated an account to the defendant in the above amount and the same was retained without objection.

9. By reason thereof an account was taken and stated between the parties hereto.

10. That plaintiff has made due demand for the amount herein claimed to which the defendant has either ignored or refused to make any additional payments.

-2-

11.     This cause of action arose within the State of New York.

**WHEREFORE**, it is respectfully demanded that plaintiff be awarded judgment in the amount of $1,520.00 plus interest, costs, attorney's fees, disbursements of this action and all further relief as this Court deems just and equitable.

Dated: NOV 2 1 2013

STERN & STERN, P.C.
Attorneys for Plaintiff
3002 Merrick Road
Bellmore, N.Y. 11710
(516) 771-0710

CIVIL COURT OF THE CITY OF NY
COUNTY OF BRONX
****************************************************

MUNICIPAL CREDIT UNION

                                    Plaintiff,

                -against-

KASHMIR TOURE-PETERSON

                                    Defendant.
****************************************************

Index No.

S&S File: █████████

**ATTORNEY'S
AFFIRMATION**

STATE OF NEW YORK}
COUNTY OF NASSAU} ss.:

The undersigned, an attorney admitted to practice in the courts of New York State, shows: that affirmant is an attorney, a member of the firm of record for the plaintiff in the within action; that affirmant has read the foregoing complaint and knows the contents thereof; that the same is true of affirmant's own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters affirmant believes it to be true. Affirmant further says that the reason this verification is made by affirmant and not by the plaintiff is because said plaintiff is a corporation and affirmant is the attorney thereof and officers of the Corporation or members of the Corporation are not presently available or the plaintiff's place of business or residence is in a different county than that of the attorney for the plaintiff. The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: records, bills, and statements of plaintiff in affirmant's possession.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated NOV 21 2013

KENNETH D. STERN

KM
MS. MERINO —

-----------NOTICE OF ENTRY--- --------

Sir:-Please take notice that the within
is a (certified) true copy of a
duly entered in the office of the clerk
of the within named Court on

Dated: NOV 2 1 2013
            Yours, etc.,
        STERN & STERN, P.C.
Attorney for:

        Office and Post Office Address
        3002 MERRICK ROAD
        BELLMORE, N.Y. 11710
    To:


    Attorney(s) for:

    --NOTICE OF SETTLEMENT--

    Sir:-Please take notice
    that an order of which the
    within is a true copy will
    be presented for
    settlement to the
    Hon.
    one of the judges of the
    within named
    Court, at

    on
    at              M.
    Dated: NOV 2 1 2013
            Yours, etc.,
        STERN & STERN, P.C.
        Attorneys for Plaintiff
        Office and Post Office Address
        3002 MERRICK ROAD
        BELLMORE, N.Y. 11710


    To:

---

Index No.        Year


CIVIL COURT OF THE CITY OF NY
COUNTY OF BRONX

---

*MUNICIPAL CREDIT UNION*
        *Plaintiff,*


        -against-


*KASHMIR TOURE-PETERSON*
        *Defendant.*

---

*SUMMONS AND VERIFIED COMPLAINT*

---

        STERN & STERN, P.C.
Attorneys for Plaintiff

Office and Post Office Address, Telephone
        3002 MERRICK ROAD
        BELLMORE, N.Y. 11710
        (516)-771-0710

---

To:

Attorney for:

---

Service of a copy of the within
        is hereby admitted.
Dated:

---

Attorney(s) for: